IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| ERIC MATOS MARRERO Debtor | 23-03114 ESL Ch. 13 *Asset Case* |

NOTICE OF AMENDED CH. 13 PLAN
AND CERTIFICATE OF SERVICE

TO ALL PARTIES IN INTEREST:

Pursuant to 11 U.S.C. §1323(a) and Rule 3015(d) F.R.B.P., debtor herewith gives notice that the attached amended plan dated **November 17, 2023** has been filed. This plan replaces and supersedes any and all plans previously filed in this case.

CERTIFICATE OF SERVICE: The undersigned hereby certifies that this document was filed electronically on this same date using the CM/ECF system which will send notice of such filing to ECF participants: Osmarie Navarro Martínez, Ch. 13 Trustee, aorecf@ch13sju.com; and by regular mail to all parties in interest as per the attached master address list.

DATED: 11/17/2023

By:    ANGEL M. EGOZCUE LAW OFFICES
P.O.Box 366087
San Juan, P.R. 00936-6087
Tel: 781-5635 Fax: 793-8193
*/s/ Angel Medina Arana*
Angel L. Medina Arana
***Attorney for the Above Named Debtor***
U.S.D.C.#201408

In Re: **ERIC MATOS MARRERO**

Case No.: __23-03114 ESL__

Chapter 13

XXX-XX-_3050_
XXX-XX-_____

☒ Check if this is a Pre-Confirmation amended plan.

☐ Check if this is a Post Confirmation amended plan
Proposed by:
☒ Debtor(s)
☐ Trustee
☐ Unsecured Creditor(s)

**PR Local Form G**
**Chapter 13 Plan dated _11/17/2023_.**

☒ If this is an amended plan list below the sections of the plan that have been changed.

__2.4__

___

## PART 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. **The headings contained in this plan** are inserted for reference purposes only and shall not affect the meaning or interpretation of this Plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $ 250 | 60 | $ 15,000 | |
| | | $ 0 | |
| | | $ 0 | |
| | | $ 0 | |
| | | $ 0 | |
| Subtotals | 60 | $ 15,000 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☒ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with copy of each income tax return filed during the plan term within 14 days of the filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refund," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

+$200.00 post-petition reimbursement paid by creditor on the 1st mo.; $140.00 x 5 = $700.00. to be paid yearly on 3/24; 3/25; 3/26; 3/27 & 3/28 with the non-prorated surplus from the projected annual performance bonus, thereby increasing the total plan base to

$15,900.00.

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | _____ % | $ _____ | $ _____ |
| | | Distributed by: ☒Trustee ☐Debtor(s) | | _____ Months | Starting on Plan Month _____ | |

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | _____ % | $ _____ | $ _____ |
| | | Distributed by:<br>☒Trustee<br>☐Debtor(s) | | _____ Months | Starting on Plan Month _____ | |
| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
| _____ | _____ | $ _____ | $ _____ | _____ % | $ _____ | $ _____ |
| | | Distributed by:<br>☒Trustee<br>☐Debtor(s) | | _____ Months | Starting on Plan Month _____ | |

*Insert additional lines as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | _____% | $ _____ | $ _____ |
| | | | | | | | _____ Months | Starting on Plan Month _____ |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | _____% | $ _____ | $ _____ |
| | | | | | | | _____ Months | Starting on Plan Month _____ |

*Insert additional lines as needed.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

▣ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor. If the Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | _____ Months Starting on Plan Month _____ | Distributed by: ▣Trustee ☐Debtor(s) | |
| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
| _____ | _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | _____ Months Starting on Plan Month _____ | Distributed by: ▣Trustee ☐Debtor(s) | |

*Insert additional lines as needed.*

3.4 **Lien Avoidance.**

*Check one.*

▣ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien. If no monthly payment is listed below, distribution will be prorated according to plan section 7.2.

| Information regarding judicial lien or security interest | Calculation of Lien Avoidance | | Treatment of Remaining secured claim |
|---|---|---|---|
| Name of Creditor | a. Amount of lien | $ _____ | Amount of secured claim after avoidance (line a minus line f) |
| | b. Amount of all other liens | $ _____ | $ _____ |
| Collateral | c. Value of claimed exemptions | + $ _____ | Interest Rate (if applicable) |
| Lien identification (such as judgment date, date of lien recording, book and page number) | d. Total of adding lines a, b and c | $ 0 | [ %] Months Starting on Plan Month _____ |
| | | | Monthly Payment on secured claim |
| _____ | e. Value of debtor's interest in property | — $ _____ | $ _____ |

| | | |
|---|---|---|
| f. Subtract line e from d. | $ 0 | Estimated total payments on secured claim |
| Extent of exemption impairment | | $ |
| (check applicable box) | | |
| ▪ Line f is equal to or greater than line a. *The entire lien is avoided (Do not complete the next column*.) | | |
| ☐ Line f is less than line a. *A portion of the lien is avoided. (Complete the next column.)* | | |

*Insert additional lines as needed.*

3.5 **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

▪ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| CARIBE FEDERAL CREDIT UNION [POC #2-1] | SHARES PLEDGE |

*Insert additional lines as needed.*

3.6 **Pre-Confirmation Adequate Protection Monthly Payments ("APMP") to be paid by the trustee.**

▪ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of Secured Creditor | $ Amount of APMP | Comments |
|---|---|---|
| FREEDOMROAD FINANCIAL | $ 25 | From the date of the bankruptcy filing until confirmation. |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the Plan by the trustee are subject to corresponding statutory fee.

3.7 **Other Secured Claims Modifications.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

■ Secured Claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the Trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Claim ID # | Claim Amount | Modified Interest Rate | Modified Term (*Months*) | Modified P&I | Property Taxes (*Escrow*) | Property Insurance (*Escrow*) | Total Monthly Payment | Estimated Total PMTs by Trustee |
|---|---|---|---|---|---|---|---|---|---|
| FREEDOMROAD FIN. | 6-1 | $ 2,973.77 <br> ■ To be Pay In Full 100% | 0.000 % | 0 | $ 0.00 | $ ____ | $ 0.00 | $ 0.00 <br> Starting on Plan Month 0 | $ 2,973.77 |
| ____ | ____ | $ ____ <br> ☐ To be Pay In Full 100% | ____ % | ____ | $ ____ | $ ____ | $ ____ | $ 0.00 <br> Starting on Plan Month ____ | $ ____ |
| ____ | ____ | $ ____ <br> ☐ To be Pay In Full 100% | ____ % | ____ | $ ____ | $ ____ | $ ____ | $ 0.00 <br> Starting on Plan Month ____ | $ ____ |

*Insert additional lines as needed.*

# PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's Fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be **10 %** of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one*

☐ **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

■ **Fee Application:** The attorneys' fees amount will be determined by the Court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition | $ 300.00 |
| Balance of attorney's fees to be paid under the plan are estimated to be: | $ 3,700.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ ____ |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $_____48__.

| Name of Priority Creditor | Estimate Amount of claim to be paid |
|---|---|
| ASUME | $ 47.50 |
|  | $ |
|  | $ |
|  | $ |

*Insert additional lines as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of Creditor | Estimated Amount of claim to be paid |
|---|---|
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |

*Insert additional lines as needed.*

4.6 **Post confirmation property insurance coverage**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

☒ The debtor(s) propose to provide post confirmation adequate protection to the secured creditors listed below by providing property insurance coverage.

| Name of Creditor Insured | Insurance Company | Insurance Coverage Beginning Date | Estimated Insurance Premium to be paid | Estimated total payments by Trustee |
|---|---|---|---|---|
| FREEDOMROAD FIN. | EASTERN AMERICA | 10/07/2026 | $ 51.00 Distributed by: ☒ Trustee ☐ Debtor(s) | $ 153.00 |
|  |  |  | $ Distributed by: ☒ Trustee ☐ Debtor(s) | $ |

*Insert additional lines as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____0.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one*

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. Contractual installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payments | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $ _____ <br> Distributed by: <br> ☑ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |
| _____ | $ _____ <br> Distributed by: <br> ☑ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |

*Insert additional lines as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows: (If Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according with plan section 7.2.)

| Name of creditor (Claim No.) | Base for separate classification | Treatment (to be paid prorated) | Amount to be paid on the claim (if applicable) | Interest Rate (if applicable) | Months | Starting on Plan Month | PMT Amount | Estimated total amount of payments |
|---|---|---|---|---|---|---|---|---|
| _____ | _____ | ☐ In Full – 100% <br> ☐ Less than 100% <br> ☐ Paid by co-debtor <br> ☑ Other (Explain) _____ | $ _____ | _____% | _____ | _____ | $ _____ | $ _____ |
| _____ | _____ | ☐ In Full – 100% <br> ☐ Less than 100% <br> ☐ Paid by co-debtor <br> ☑ Other (Explain) _____ | $ _____ | _____% | _____ | _____ | $ _____ | $ _____ |

*Insert additional lines as needed.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

    *Check one.*

    ☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

    ■ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased Property or executory Contract | Current Installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| MARGARITA MARRERO | RESIDENTIAL LEASE | $ 150.00 <br> Distributed by: <br> ☐ Trustee <br> ■ Debtor(s) | $ 0.00 | 0.00 | $ 0.00 |
| _____ | _____ | $ _____ <br> Distributed by: <br> ■ Trustee <br> ☐ Debtor(s) | $ _____ | _____ | $ _____ |

*Insert additional lines as needed.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1** **Property of the estate will vest in the debtor(s) upon**

    *Check the applicable box:*

    ■ plan confirmation.

    ☐ entry of discharge.

    ☐ other: _____ .

**7.2** **Plan Distribution by the Trustee will be in the following order:**
*(Numbers bellow reflects the order of distribution; same number means prorate distribution among claims with same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1 total) - *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Payments (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1 total) – *Arrearage Payments*
3. Distribution on Secured Claims (Part 3, Section 3.2 total)
3. Distribution on Secured Claims (Part 3, Section 3.3 total)
3. Distribution on Secured Claims (Part 3, Section 3.4 total)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.5 total)
5. Distribution on Priority Claims (Part 4, Section 4.4 total)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 4, Section 5.1)

Trustee's fees are distributed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1 **Check "None" or list the nonstandard plan provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

8.2  TAX REFUNDS APPLIED TO FUND PLAN:  This section modifies Part 2, Secton 2.4,  to  provide that tax refunds will be applied by debtor as additional  payments to fund the plan  for its duration, unless otherwise ruled by the Court.  The tender of   such payments shall deem the plan modified by even amount,  increasing  the plan base thereby,  without  the need further notice,  hearing or Court order.

8.3  LIEN RETENTION:   This section supplements Part 3,  to establish that secured creditors with allowed claims in this case  will invariably retain   their liens.

8.4  PAYMENTS TO FREEDOMROAD FINANCIAL:   This section modifies Part 7, Section 7.2,  to provide that after confirmation,  payments to FREEDOMROAD FINNANCIAL [POC #6-1]  will conitnue without interrruption at the fixed  monthly rate of  $25.00, until attorney's fees for debtor's  attorney are fully paid.  Thereafter  FREEDOMROAD FINANCIAL  will be paid FIRST and AHEAD of any other creditor,  along with the monthly insurance premium,  if and when due,   to lessen the  cost of insurance.

8.5  SURRENDER OF MOTORCYCLE TITLE BY FREEDOMROAD FINANCIAL TO DEBTOR:   FREEDOMROAD FINANCIAL  will surrender the motorcycle title to debtor,  or will otherwise cancel the lien securing its  claim in this case,  immediately upon payment in full by the Trustee of the amounts claimed by this creditor in POC #6-1.

8.6  ABOVE MEDIAN CASE:    This is an above median case with no projected disposable income.

8.7  CONFIRMATION OF PLAN:  Confirmation of this plan constitutes a finding that debtor has timely complied wtih all of debtor's duties under 11 USC §521, and that the plan and the bankruptcy case were both filed in good faith.

## PART 9: Signature(s)

s/Angel L. Medina Arana  
**Signature of attorney of debtor(s)**  
Date 11/17/2023

s/Eric Matos Marrero  
Date 11/17/2023

_____  
Date _____

*Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)*

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an  attorney, also certify(ies) that the wording  and  order  of  the  provisions  in  this  Chapter  13  plan  are  identical  to  those  contained  in  L o c a l  Form  G  (LBF-G), other  than  any nonstandard  provisions included in Part 8.

```
Label Matrix for local noticing              US Bankruptcy Court District of P.R.         ASUME
0104-3                                       Jose V Toledo Fed Bldg & US Courthouse       PO BOX 70376
Case 23-03114-ESL13                          300 Recinto Sur Street, Room 109             SAN JUAN, PR 00936-8376
District of Puerto Rico                      San Juan, PR 00901-1964
Old San Juan
Tue Nov  7 15:13:26 AST 2023

BANCO POPULAR DE PR                          BANCO POPULAR DE PUERTO RICO                 CARIBE FEDERAL CREDIT UNION
PO BOX 70100                                 BANKRUPTCY DEPARTMENT                        195 O'NEILL STREET
SAN JUAN, PR 00936-8100                      PO BOX 366818                                SAN JUAN, PR 00918-2404
                                             SAN JUAN PR 00936-6818

CITI CARDS                                   DISCOVER                                     Discover Bank
PO BOX 70166                                 PO BOX 6103                                  Discover Products Inc
PHILADELPHIA, PA 19176-0166                  CAROL STREAM, IL 60197-6103                  PO Box 3025
                                                                                          New Albany, OH  43054-3025

EBAY MC/ SYNCB                               FIRST BANK                                   FREEDOMROAD FINANCIAL
PO BOX 669814                                CONSUMER SERVICE CENTER                      PO BOX 4597
DALLAS, TX 75266-0763                        BANKRUPTCY DIVISION (CODE 248)               OAK BROOK, IL 60522-4597
                                             PO BOX 9146 SAN JUAN PR 00908-0146

FreedomRoad Financial c/o Wayfinder BK, LLC  ISLAND FINANCE                               KIWI FINANCIAL LLC
PO Box 64090                                 PO BOX 195369                                33 CALLE RESOLUCION, SUITE 809
Tucson, AZ 85728-4090                        SAN JUAN, PR 00919-5369                      SAN JUAN, PR 00920-2706

MONEY EXPRESS                                SYNCB/PPC                                    SYNCHRONY BANK/AMAZON
CONSUMER SERVICE CENTER                      PO BOX 965005                                PO BOX 71711
BANKRUPTCY DIVISION (CODE 248)               ORLANDO, FL 32896-5005                       PHILADELPHIA, PA 19176-1711
PO BOX 9146, SAN JUAN PR 00908-0146

ANGEL M EGOZCUE                              ERIC MATOS MARRERO                           MONSITA LECAROZ ARRIBAS
ANGEL M EGOZCUE & ASSOCIATES                 URB VILLAS DE SAN AGUSTIN                    OFFICE OF THE US TRUSTEE (UST)
PO BOX 366087                                Q 9 CALLE 12                                 OCHOA BUILDING
SAN JUAN, PR 00936-6087                      BAYAMON, PR 00959-2007                       500 TANCA STREET  SUITE 301
                                                                                          SAN JUAN, PR 00901

OSMARIE NAVARRO MARTINEZ                     End of Label Matrix
CHAPTER 13 TRUSTEE                           Mailable recipients    21
PO BOX 9024062                               Bypassed recipients     0
SAN JUAN, PR 00902-4062                      Total                  21
```